**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LORENZO DAVIS | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 05 C 6697 |
| | ) | |
| CALUMET PARK POLICE OFFICERS, | ) | Judge Elaine E. Bucklo |
| J. MARIGLIANO, STAR NO. 533, and | ) | |
| OFFICER KOZELUH, STAR NO. 27, | ) | |
| Individually, and the CITY OF | ) | |
| CALUMET PARK, | ) | |
| Defendants. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

### JURISDICTION AND VENUE

1.      This action arises under the United States Constitution and the Civil Rights

Act of 1871 [42 U.S.C. Section 1983], and this Court's supplemental jurisdiction.  This

court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

**ANSWER:      Defendants admit that plaintiff's complaint purports to state a cause of
action pursuant to §1983 and that this Court has original jurisdiction
over said claims.**

2.      Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the

acts complained of arose in this district.

**ANSWER:      Defendants admit that venue is proper in the Northern District of
Illinois.**

### PARTIES

3.      At all times herein mentioned, Plaintiff, Lorenzo Davis ("Davis") was and

now is a citizen of the United States, and resides within the jurisdiction of this Court.

**ANSWER:      Defendants are without knowledge sufficient to form a belief as to the
truth of the averment in Paragraph 3.**

1

4.     At all times herein mentioned, the individual Defendants, Officers J. Marigliano ("Marigliano") and Kozeluh ("Kozelluh") were members of the Calumet Park Police Department, and were acting under color of state law and as the employee, agent or representative of the City of Calumet Park. These officers are being sued in their individual/personal capacity. The City of Calumet Park is being sued as a municipal corporation, duly organized under the laws of the State of Illinois.

**ANSWER:     Defendants admit that on the date of the occurrence that they were employed as officers for the Village of Calumet Park, a municipal corporation, and that they were acting within the scope of their employment at the time of plaintiff's arrest.**

## STATEMENT OF FACTS

5.     On November 13, 2003, at roughly 5:00 p.m., plaintiff was located at the Calumet Park Police Department in connection with a motor vehicle report.

**ANSWER:     Defendants admit the allegations of Paragraph 5.**

6.     At that time and place, both defendant police officers struck plaintiff, and caused him to be handcuffed and arrested.

**ANSWER:     Defendants admit that they arrested plaintiff on November 13, 2003, but deny the remaining allegations contained in Paragraph 6.**

7.     There was no legal cause to use any force upon plaintiff and/or to arrest the plaintiff.

**ANSWER:     Defendants deny the allegations contained in paragraph 7 and state that only necessary force was used to effect plaintiff's arrest.**

8.     Thereafter, both defendants falsely caused criminal charges of obstructing an officer and criminal damage to property to be filed against the plaintiff.

**ANSWER:     Defendants deny the allegations contained in paragraph 8.**

9.      On or about February 17, 2005, plaintiff was tried on the charges described above.  Plaintiff was acquitted of these charges, all charges terminating in his favor.

**ANSWER:      Defendants admit the allegations contained in paragraph 9.**

10.     By reason of the above-described acts and omissions of defendants, plaintiff sustained physical injuries, humiliation, and indignities, and suffered great physical, mental, and emotional pain and suffering all to his damage in an amount to be ascertained.

**ANSWER:      Defendants deny the allegations contained in paragraph 10.**

11.     The aforementioned acts of the individual defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER:      Defendants deny the allegations contained in paragraph 11.**

12.     By reason of the above-described acts and omissions of defendants, plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights.  By reason thereof, plaintiff requests payment by defendant of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**ANSWER:      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 12.**

## COUNT I

**Plaintiff Against The Individual Defendants For Violation of His Due Process Rights**

13.     Plaintiff hereby incorporates and re-alleges Paragraphs one (1) through twelve (12) hereat as though fully set forth at this place.

**ANSWER:     Defendants adopt and incorporate their answers to paragraphs one through twelve above as though more fully set forth in paragraph 13 of Count I.**

14.     By reason of the conduct of the defendant officers MARIGLIANO and KOZELUH**,** Plaintiff was deprived of rights, privileges and immunities secured to him by the due process clause as contained in the Fifth and Fourteenth Amendments to the United States Constitution.

**ANSWER:     Defendants deny the allegations contained in paragraph 14.**

15.     The defendants deprived the Plaintiff of a fair criminal trial by engaging in multiple acts which include, but are not limited to, not disclosing known exculpatory evidence, submitting false charges as contained in the criminal complaints, submitting false police reports, and otherwise acting to deny plaintiff a fair trial.

**ANSWER:     Defendants deny the allegations contained in paragraph 15.**

16.     The acts described in the preceding paragraph were directed toward Plaintiff, were intentional and material, and therefore in violation of Plaintiff's due process rights.  Therefore, the individual Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER:     Defendants deny the allegations contained in paragraph 16.**

## COUNT II

**Plaintiff Against Defendants MARIGLIANO and KOZELUH, and the City of**

**Calulmet Park, for the State Supplemental Claims of Malicious Prosecution and**

**Emotional Distress**

17.     Plaintiff hereby incorporates and re-alleges Paragraphs one (1) through

twelve (12) hereat as though fully set forth at this place.

**ANSWER:     Defendants adopt and incorporate their answers to paragraphs one through twelve above as though more fully set forth in paragraph 17 of Count II.**

18.     Defendants **MARIGLIANO and KOZELUH** caused criminal charges to be

filed and prosecuted against the Plaintiff.

**ANSWER:     Defendants admit to initiating criminal charges against plaintiff for the offenses of obstructing a peace office and criminal damage to property.**

19.     There was no probable cause for the institution of obstruction and/or criminal

damage to property charges (or any other criminal charge) to be brought against the

Plaintiff.

**ANSWER:     Defendants deny the allegations contained in paragraph 19.**

20.     These criminal proceedings were instituted and continued maliciously, in

part, as an effort to cover up the defendants' wrongful conduct taken against the plaintiff.

**ANSWER:     Defendants deny the allegations contained in paragraph 20.**

21.     Further, the individual defendants facilitated this malicious prosecution by

falsifying evidence, the creation of false police reports, falsifying written criminal charges,

and by giving false and perjured testimony under oath.

**ANSWER:     Defendants deny the allegations contained in paragraph 21.**

22.     The criminal proceedings were terminated in the plaintiff's favor.

**ANSWER:     Defendants admit that the plaintiff was acquitted of the charges.**

23.     Further, by their actions, the individual defendants intended to and did injure plaintiff emotionally.  In fact, plaintiff was injured emotionally and otherwise from the loss of certain liberty and related rights, as well as the threat to cause the further loss of liberty rights.

**ANSWER:     Defendants deny the allegations contained in paragraph 23.**

24.     The City of Calumet Park is liable pursuant to the doctrine of *respondeat superior*.

**ANSWER:     Defendant denies the allegations contained in paragraph 24.**

WHEREFORE, the plaintiff, Lorenzo Davis, by and through his attorneys, Ed Fox & Associates, requests judgment as follows against the defendants on each and every claim:

1.     That the defendants be required to pay the plaintiff, general damages, including emotional distress, in a sum to be ascertained;

2.     That the defendants be required to pay the plaintiff special damages;

3.     That the defendants, except the City of Calumet Park, be required to pay the plaintiff attorney's fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provisions;

4.     That defendants, expect the City of Calumet Park, be required to pay the plaintiff punitive and exemplary damages in a sum to be ascertained;

5.      That the defendants be required to pay the plaintiff costs of the suit herein incurred; and,

6.     That the plaintiff have such other and further relief as this Court may deem just and proper.

**ANSWER:     Defendants deny that plaintiff is entitled to judgment in his favor and
further deny that plaintiff is entitled to any damages, costs, or fees
associated with his action.**

## AFFIRMATIVE DEFENSES

Defendants, in addition to the denials and defenses set forth hereinabove this pleading, assert the additional affirmative defenses to plaintiff's claims as follows:

### First Affirmative Defense (Qualified Immunity)

Defendants are entitled to qualified immunity for the allegations set forth against them in plaintiff's complaint because the alleged acts occurred within the course and scope of their official duties and defendants had no knowledge that said acts were unconstitutional nor were said acts clearly violative of plaintiffs' rights at the time said acts were committed. In the event that any action of the defendants deprived plaintiff of his constitutionally protected rights, which defendants deny, then defendants' actions were done in good faith and with the reasonable belief that such actions were lawful and constitutional.

### Second Affirmative Defense (Probable Cause)

Defendants had probable cause to arrest plaintiff for obstruction of a peace officer and criminal damage to property based upon their personal observations of plaintiff's conduct prior to, during and subsequent to his arrest in this matter.

### Third Affirmative Defense ( Insufficiency)

The alleged conduct of defendants did not rise to the level of a constitutional violation.

### Fourth Affirmative Defense (745 ILCS 10/2-201)

Plaintiff's state law claims for malicious prosecution and intentional infliction of emotional distress are barred by 745 ILCS 10/2-201 of the Illinois Tort Immunity Act in that defendants were public employees serving in a position involving the determination

of policy or the exercise of discretion at the time of plaintiff's arrest, thus, defendants are not liable for any injuries resulting from any act or omission in determining policy when acting in the exercise of that discretion, even though abused.

### Fifth Affirmative Defense (745 ILCS 10/2-202)

Plaintiff's state law claims for malicious prosecution and intentional infliction of emotional distress are barred by 745 ILCS 10/2-202 of the Illinois Tort Immunity Act in that defendants were engaged in the execution or enforcement of the law and their actions did not constitute wilful and wanton misconduct.

### Sixth Affirmative Defense (Statute of Limitations)

Plaintiff's Due Process claims accrued on the date of his arrest, to wit: November 13, 2003, and plaintiff failed to file suit within two (2) years from the date of his arrest, thus, plaintiff's Due Process claims are time barred.

### Seventh Affirmative Defense (745 ILCS 10/8-101)

Plaintiff's state law claim for intentional infliction of emotional distress accrued on the date of plaintiff's arrest, to wit: November 13, 2003, and plaintiff failed to file suit within one (1) year of the date of his arrest, thus, plaintiff's claim for intentional infliction of emotional distress is time barred.

### Eighth Affirmative Defense (Failure to State a Claim)

Plaintiff's Due Process claim fails to state a recognized constitutional claim for a denial of a fair trial in that plaintiff was present during the alleged misconduct by defendants and there was no failure to disclose any exculpatory evidence to plaintiff by defendants such that plaintiff was denied his right to a fair trial.

WHEREFORE, defendants, Joseph Marigliano, Mark Kozeluh, and the Village of Calumet Park, pray that this Honorable Court enter judgment against the plaintiff and in favor of defendants and for costs assessed against plaintiff for the cost of defending this action.

Respectfully submitted,

MARIGLIANO, KOZELUH, VILLAGE OF CALUMET PARK

By:     /s/ Julie M. Koerner
        One of Their Attorneys

Clifford G. Kosoff
Julie M. Koerner
O'Halloran, Kosoff, Geitner & Cook, P.C.
650 Dundee Road, Suite 475
Northbrook, IL 60062
Phone: 847-291-0200
Fax: 847-291-9230

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LORENZO DAVIS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05 C 6697 |
| | ) | |
| CALUMET PARK POLICE OFFICERS, | ) | Judge Elaine E. Bucklo |
| J. MARIGLIANO, STAR NO. 533, and | ) | |
| OFFICER KOZELUH, STAR NO. 27, | ) | |
| Individually, and the CITY OF | ) | |
| CALUMET PARK, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2006, I electronically filed defendants'

**Answer and Affirmative Defenses to Plaintiff's Complaint at Law** with the Clerk of

Court using the CM/ECF system which will send notification of such filing to the

following persons:

Edward Fox
Ed Fox & Associates
300 West Adams Street, Suite 330
Chicago, IL 60606
efox@efox-law.com

MARIGLIANO, KOZELUH, CALUMET
PARK

By: s/Julie M. Koerner
Julie M. Koerner, Bar# 6204852
Attorney for Defendants
O'Halloran, Kosoff, Geitner & Cook
650 Dundee Road, Suite 475
Northbrook, IL 60062
Telephone: (847) 291-0200
Fax: (847) 291-0200
E-mail: jkoerner@okgc.com